

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 10, 1939

Mr. Fred Norris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-505
Re: Authority of County Commissioners'
Court to pay interest on General
Fund Scrip.

Your request for an opinion as to the legality
of the acts of the Commissioners' Court which attempted
to contract with a local merchant to cash on General
Fund Scrip at par value and upon which the county agrees
to pay interest every three months, the interest being
figured on the average amount held daily has been re-
ceived by this office.

A County General Fund warrant, commonly
called General Fund Scrip, is not a negotiable instru-
ment. Article 5932, Section 1, Revised Civil Statutes
of Texas. It is only evidence of indebtedness showing
that the claim has been presented and allowed. It is
not a contract to pay on demand. The scrip is an
order to the County Treasurer to issue a voucher to
the payee for the amount thereof. 55 Tex. 49, Aske
vs. Harris County.

We have been unable to find any decisions
directly in point on this question but this Department
has on two occasions previously held that the Commission-
ers' Court is without authority to allow or pay interest
on ordinary county warrants or scrip issued in payment
of current expenses. We concur in these opinions. Such
a contract, as is outlined above, is for that reason

unenforcible for the reason that the county has no interest in the subject matter of the purported contract and it is without consideration.

We, therefore, hold that a County Commissioners' Court cannot allow or pay interest on ordinary county warrants or scrip issued for the payment of current expenses. We further hold that a Commissioners' Court cannot contract with a party to cash on county scrip and agree to pay interest thereon.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Richard H. Cooke_
Richard H. Cooke
Assistant

RHC:AW

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS